# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARCO TOLLIFERREO
individually and on behalf of all
others similarly situated,
    Plaintiffs,

v.

THE TJX COMPANIES, INC. and
MARMAXX OPERATING CORP.,
    Defendants

CIVIL ACTION

NO:

## COLLECTIVE ACTION COMPLAINT

Plaintiff Marco Tolliferreo ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of Defendants, The TJX Companies, Inc. and Marmaxx Operating Corp., brings this action against Defendants for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff states the following as his claims against Defendants:

### I.  OVERVIEW

1.    Plaintiff brings claims to recover unpaid overtime compensation under § 216(b) of the FLSA. He brings these claims as a putative collective action, individually and on behalf of and all current or former Loss Prevention Investigators ("Investigators") employed by Defendants from three years prior to the time of filing to the present.

## II. THE PARTIES

**Plaintiff**

2. Plaintiff Marco Tolliferreo is a citizen of the United States domiciled in the City of Philadelphia, State of Pennsylvania. Plaintiff has been employed by Defendants, specifically as a Loss Prevention Investigator, since approximately April 2013.

3. Pursuant to 29 U.S.C. § 216(b), Plaintiff Tolliferreo consents in writing to be a party to the FLSA claims asserted. His consent form is attached as Exhibit A. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

4. Plaintiff, and all those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

**Defendant**

5. Defendant The TJX Companies, Inc. is a Delaware corporation with its principal place of business and headquarters located at 770 Cochituate Road, Framingham, Massachusetts 01701, and employs individuals in Pennsylvania and throughout the United States.

6. Defendant Marmaxx Operating Corp. is a Delaware corporation with its principal place of business and headquarters located at 770 Cochituate Road, Framingham, Massachusetts 01701, and employs individuals in Pennsylvania and throughout the United States. Marmaxx does business under the assumed store names of Marshalls HomeGoods, Marshalls and T.J. Maxx HomeGoods.

7. Defendants are or have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and,

upon information and belief, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

8. At all relevevant times, Defendants are, and have been, the employer of Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d).

### III. JURISDICTION

9. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendants, since Defendants conduct business in the Eastern District of Pennsylvania.

### IV. VENUE

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) as Defendants conduct business within this District and a substantial part of the events giving rise the claims occurred in this District.

### V. COLLECTIVE DEFINITION

11. The group of similarly situated employees sought to be certified under the FLSA, 29 U.S.C. § 216(b), as a collective action ("FLSA Collective") is defined as:

> All current or former Loss Prevention Investigators employed by The TJX Companies, Inc. and/or Marmaxx Operating Corp., at any time since three years prior to filing this Complaint.

### VI. FACTS

12. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

13. Plaintiff and those similarly situated are or were employed by Defendants as Investigators.

14. Defendants have suffered and permitted Plaintiff to regularly work more than forty (40) hours in a workweek. Upon information and belief, Defendants have also suffered and permitted the members of the FLSA Collective to work regularly work more than forty (40) hours in certain workweeks.

15. Plaintiff and those similarly situated were not compensated in accordance with the FLSA because they were not paid proper overtime wages for all hours worked in excess of forty (40) hours per workweek. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, Defendants classified Plaintiff and the other similarly situated Investigators as exempt salaried workers.

16. Defendants are aware, or should have been aware, that Plaintiff and the FLSA Collective were non-exempt and they performed work that required them to work overtime. Defendants assigned Plaintiff's work schedule and required Plaintiff and the other similarly situated Investigators to report their work hours via weekly timesheets, which routinely reflect overtime hours.

17. During his employment with Defendants, Plaintiff's hours have varied from week to week. However, Plaintiff routinely worked in excess of forty (40) hours in a workweek.

18. Upon information and belief, other similarly situated Investigators have recorded and submitted their hours on Defendants' standardized forms which reflected overtime hours.

### VII. COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

20. As mentioned above, the proposed FLSA Collective is defined as follows:

4

>All current or former Loss Prevention Investigators employed by The TJX Companies, Inc. and/or Mirmaxx Operating Corp., at any time since three years prior to filing this Complaint.

21. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

22. Plaintiff and the FLSA Collective have routinely worked in excess of forty (40) hours per workweek without receiving proper overtime compensation for their overtime hours worked.

23. As an example, in February, 2016, Plaintiff was part of an investigation in New Jersey which required him to conduct surveillance and other activities for up to twelve (12) hours a day. These long hours resulted in Plaintiff working in excess of forty (40) hours in a workweek during that time. Despite substantial hours of overtime and Plaintiff's non-exempt status, Defendants did not pay Plaintiff overtime wages in accordance with the FLSA.

24. Defendants have violated, and are violating, the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying Investigators, like Plaintiff and the FLSA Collective, overtime as required by law.

25. Defendants were aware that they misclassified the Investigators as exempt and were not compensating them properly for overtime.

26. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40) in a workweek.

27. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of wages and interest thereon.

28. Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, attorneys' fees and costs under the FLSA.

## VIII. EQUITABLE TOLLING

29. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

30. In or about November, 2016, Defendants issued a letter to Plaintiff and all other Investigators claiming that there had been a change under the FLSA which required Defendants to start classifying Plaintiff and the other Investigators as non-exempt employees.

31. The letter, and accompanying FAQ's, was meant to deceive and mislead Plaintiff and the other Investigators into believing that the workers were previously exempt from FLSA protections and thus, not entitled to overtime wages.

32. Defendants knew or should have known that this companywide representation was false and merely intended to dissuade workers from investigating and pursuing compensation for unpaid wages.

33. Accordingly, the FLSA Collective is entitled to equitable tolling to preserve their FLSA claims.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

1. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

2. Judgment that Plaintiff and those similarly situated are entitled to the overtime protections under the FLSA;

3. Judgment against Defendants for violation of the overtime provisions of the FLSA;

4. Judgment that Defendants' violations of the FLSA were willful;

5. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

6. An award of any pre- and post-judgment interest;

7. An award of reasonable attorneys' fees and costs;

8. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

9. Equitable tolling for the FLSA claims; and

10. Such further relief as may be necessary and appropriate.

Respectfully Submitted:

/s/ Kevin I. Lovitz
Kevin I. Lovitz
kevin@lovitzlaw.com
LOVITZ LAW FIRM
One Liberty Place
1650 Market Street
36th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 735-1996
Facsimile: (267) 319-7943

Philip Bohrer (to be admitted *pro hac vice*)
phil@bohrerbrady.com
Scott E. Brady (to be admitted *pro hac vice*)
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B

Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

ATTORNEYS FOR PLAINTIFF AND THE
PUTATIVE FLSA COLLECTIVE

# THE TJX COMPANIES, INC. AND MARMAXX OPERATING CORP.
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, The TJX Companies, Inc. and Marmaxx Operating Corp., and any other related entities or affiliates ("Defendant"), to recover overtime pay.

2. I designate Lovitz Law Firm and Bohrer Brady, LLC as my attorneys to pursue my claims in this matter.

3. During the past three years, there were occasions when I worked over 40 hours per week for Defendant as a laborer, and did not receive proper compensation for my overtime hours worked.

4. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Defendant and any other related entities or affiliates.

Date: 12/27/2017

Signature: *Marco Tolliferreo*

Print Name: Marco Tolliferreo

**Information Below Will Be Redacted in Filings with the Court. Please Print or Type.**

Address: 810 Delview Dr.

City, State Zip: Folcroft Pa. 19032

Best Phone Number(s): (267) 984-2012

Email: Lpchamp68@yahoo.com

**LOVITZ LAW FIRM**
One Liberty Place, 1650 Market Street, 36th Floor, Philadelphia, Pennsylvania 19103
Fax: (267) 319-7943
Email: kevin@lovitzlaw.com



EXHIBIT A